IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



UNITED STATES OF AMERICA

v.                                                         CRIMINAL NO. 1:19CR19LG-JCG

ORLAND REED                                                18 U.S.C. § 1029(a)(5)
a/k/a O

**The Grand Jury charges that:**

## INTRODUCTION

At all times relevant to this Indictment:

1. Defendant **ORLAND REED a/k/a O** resided in Gulfport, Mississippi, within the Southern District of Mississippi.

2. A "prepaid debit card" was a card linked to an account at a financial institution, which could be used to receive deposits electronically, like a traditional bank account, and to make purchases and cash withdrawals with funds in the account, like a traditional debit card.

3. An "access device" was any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access, that could be used alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that could be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument), such as a prepaid debit card.

4. Defendant **ORLAND REED a/k/a O**, along with others known and unknown to the Grand Jury, prepared federal income tax returns for clients for a fee for a return preparation

business known as Speedy Taxes. If a client was owed a refund, the client had the option of receiving the refund on a prepaid debit card.

5. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for enforcing and administering the federal tax laws of the United States, and collecting taxes owed to the United States.

6. Speedy Taxes used a refund processing company, Company A, which acted as a conduit for refunds from the IRS on behalf of the clients.

7. At the client's request, Company A could withhold the tax preparation fees from the client's refund and pay those fees directly to Speedy Taxes.

8. If a client elected to receive a refund in the form of a prepaid debit card, Company A would fund the prepaid debit card after receiving the refund designated for the client from the IRS.

9. J.W. had a personal 2013 federal income tax return Form 1040 prepared by Speedy Taxes. J.W.'s refund was deposited onto a prepaid debit card and Company A withheld the fees from the refund amount before funding the prepaid debit card.

10. R.W. had a personal 2013 federal income tax return Form 1040 prepared by Speedy Taxes. R.W.'s refund was deposited onto a prepaid debit card and Company A withheld the fees from the refund amount before funding the prepaid debit card.

## COUNT 1
(Access Device Fraud)

1. The factual allegations contained in Paragraphs 1 through 9 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. On or about March 5, 2014, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **ORLAND REED a/k/a O**, knowingly and with

the intent to defraud, effected transactions with an access device, a prepaid debit card, issued to another person, "J.W.", to receive currency or any other thing of value with an aggregate value equal to or greater than $1,000, which conduct affected interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(5).

## COUNT 2
(Access Device Fraud)

1. The factual allegations contained in Paragraphs 1 through 8 and Paragraph 10 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. On or about March 21, 2014, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **ORLAND REED a/k/a O**, knowingly and with the intent to defraud, effected transactions with an access device, a prepaid debit card, issued to another person, "R.W.", to receive currency or any other thing of value with an aggregate value equal to or greater than $1,000, which conduct affected interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(5).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

The grand jury has determined that probable cause exists to believe that the following property is subject to forfeiture as a result of one or more of the offenses alleged in this indictment:

a. Any and all funds contained on debit card account no. xxxx-xxxx-xxxx-3642; and

b. Any and all funds contained on debit card account no. xxxx-xxxx-xxxx-3675

Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and (a)(8); and Title 18, United States Code, Section 1029(a)(1)(C).

D. MICHAEL HURST, JR.
United States Attorney

A TRUE BILL:

s/signature redacted
Foreperson of the Grand Jury

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 6th day of February, 2019.

UNITED STATES MAGISTRATE JUDGE